STATE OF NORTH CAROLINA v. EDWARD ROY EFFLER

No. 117A83

(Filed 6 December 1983)

1. **Indictment and Warrant § 7; Rape and Allied Offenses § 3— first degree sexual offense — sufficiency of indictment**

   In a prosecution for a first degree sexual offense, an indictment which charged that defendant did "commit a sexual offense with Johnny Lamar

Guess, a child of the age of twelve or less, the defendant being at least four years older than this child, in violation of the following law: G.S. 14-27.4" was sufficient to charge an offense and was a sufficient indictment upon which the grand jury could act.

2. **Criminal Law § 34.8; Indictment and Warrant § 13— bill of particulars alleging two sexual offenses occurring on one day—evidence presented showing second sexual crime occurred two weeks later—evidence of second crime admissible as evidence of common plan or scheme**

   In a prosecution for first degree rape, first degree sexual offense and incest where defendant categorically denied any wrongdoing, no prejudice resulted from the admission of testimony concerning a 28 May offense of fellatio due to a "misleading" bill of particulars which had stated that acts of anal intercourse and fellatio had occurred on 15 May 1982. Nor was there prejudice in admitting testimony of another crime since evidence of the 28 May offense of fellatio tended to establish a common plan or scheme embracing a series of crimes and the evidence of the similarity of the circumstances was properly admitted.

3. **Indictment and Warrant § 13— bill of particulars—time of offense different from time alleged at trial**

   No prejudice resulted to defendant from the fact that a bill of particulars stated that the alleged rape of defendant's daughter occurred in "the afternoon hours" while the testimony at trial tended to indicate that the offense occurred between 6:30 p.m. and 9:00 p.m. A child's uncertainty as to the time or the particular day the offense charged was committed goes to the weight of the testimony rather than to its admissibility, and the State clearly placed defendant on notice that the victim was a child and that therefore the information provided in the bill of particulars should not be relied upon for any degree of certainty.

4. **Criminal Law § 92.2— consolidation of rape and sex offense for trial—no error**

   The trial court did not err in consolidating for trial defendant's offenses of first degree rape and first degree sexual offenses where the evidence tended to show that in less than a month, the defendant, the noncustodial parent, allegedly took advantage of his children during visitations to engage in sexual acts and where the disclosure of the events took place while the children were together with their mother watching a television program involving sexual abuse of children. G.S. 15A-927 and G.S. 15A-926(a).

BEFORE *Owens, J.,* at the 1 November 1982 Regular Criminal Session of Superior Court, BUNCOMBE County, defendant was convicted of first degree rape, first degree sexual offense and incest. From two concurrent life sentences defendant appeals pursuant to G.S. § 7A-27(a). Motion to bypass the Court of Appeals on a ten year sentence for incest was allowed 1 July 1983. Heard 9 November 1983 in the Supreme Court.

Defendant was charged with the first degree rape of his daughter, Norma Diane Effler, nicknamed Cissy, on or about 8 June 1982. At the time of the offense the victim was ten years old. The incest charge arose out of this incident. Defendant was further charged with first degree sexual offense with his eleven year old stepson, Johnny Lamar Guess, on or about 15 May 1982. At the time of these incidents the defendant and Linda Effler, the mother of the children, were divorced. Defendant was living with Deborah Daniels.

Johnny Lamar Guess testified that approximately four weeks prior to his birthday in June, he and his sister visited the defendant. Deborah Daniels and his sister left to play bingo. After threatening the child with a gun, the defendant forced him to undress and to engage in anal intercourse.

Cissy Effler testified that on 8 June 1982 the defendant picked her up at a swimming pool where she and her brothers had been taken by their cousin, Marsha Calloway. Apparently their mother, Linda Effler, had been hospitalized and the children were being cared for by relatives and by Linda Effler's boyfriend. Because the defendant and Deborah Daniels had recently moved into a small mobile home, it was not possible to keep more than one child at a time. Ms. Calloway testified that rather than take his daughter, Cissy, she had requested that defendant take either Johnny or the younger brother Samuel home with him on 8 June. Ms. Calloway had a daughter Cissy's age and the girls were looking forward to seeing each other. The defendant indicated that he would take only his daughter.

After leaving the swimming pool, Cissy, the defendant and Deborah Daniels shopped and ate at a restaurant. Deborah then left to attend evening classes at AB Tech in Asheville. The classes ran from 6:30 p.m. to 9:00 p.m. It was during Deborah's absence that the alleged rape took place. Cissy Effler testified that after Deborah left, the defendant called her into the trailer, removed her clothes, and engaged in sexual intercourse with her.

Neither child reported the sexual assaults until early July when, as a result of watching a television program on sexually abused children, they became upset and told their mother. Cissy Effler was examined at Memorial Mission Hospital on 7 July 1982.

The examining physician's findings were consistent with Cissy's allegations of sexual abuse. The examination revealed a perforated hymen, a yellowish vaginal discharge, inflammation and tenderness of the external genital area and a larger than normal vaginal opening. No physical examination was performed on Johnny Lamar Guess.

The defendant testified on his own behalf and denied the charges. On cross-examination he admitted four convictions for driving under the influence, two convictions for assault on a female, and one conviction of child abuse, that case involving Johnny Lamar Guess.

Of defendant's four assignments of error, two concern the sufficiency of the indictment charging him with first degree sexual offense which, taken together with the Bill of Particulars specifying the acts of anal intercourse and fellatio, resulted in the admission of testimony concerning not only the 15 May offense of anal intercourse for which defendant appears to have been indicted, but a subsequent offense of fellatio which, contrary to the Bill of Particulars, allegedly took place on or about 28 May. Defendant further contends that the State's proof as to the time of the alleged rape varied from its Bill of Particulars, thereby depriving him of his right to a fair trial. Finally, defendant assigns as error the trial court's granting the State's motion to consolidate the rape and sexual offense charges for trial. We affirm defendant's convictions.

*Rufus L. Edmisten, Attorney General, by George W. Lennon, Assistant Attorney General, for the State.*

*James M. Glover and Ann B. Peterson, Assistant Appellate Defenders, for defendant-appellant.*

MEYER, Justice.

[1] Defendant first attempts to argue that his conviction for first degree sexual offense is in violation of his constitutional right to indictment. The indictment upon which defendant's conviction for first degree sexual offense was based charged that on or about 15 May 1982, in Buncombe County, the defendant did "commit a sexual offense with Johnny Lamar Guess, a child of the age of 12 or less, the defendant being at least 4 years older than this child, in

violation of the following law: G.S. 14-27.4." In answer to defendant's Motion for a Bill of Particulars, the State provided defendant with the following information:

> Please be advised that this case involves a young child of 12 years old; therefore, times, dates and locations cannot be as exact as when dealing with adult victims. However, in view of the foregoing the State, being as specific as possible, makes the following answer:
>
> (1) The date of the alleged offense occurred sometime in later spring, probable (sic) in the month of May, and all the available information is May 15, 1982.
>
> (2) The time of the offense was sometime during the day light hours.
>
> (3) The place of the alleged offense was at the Defendant's residence.
>
> (4) The acts constituting the alleged offense was (sic) both fellatio and anal intercourse.

At trial, Johnny Lamar Guess testified that during the spring of 1982 he had scheduled visitations with his stepfather every other two weeks; that his birthday was 12 June; that about four weeks prior to his birthday he visited his stepfather and on that occasion he was forced to engage in an act of anal intercourse; that two weeks later he again visited his stepfather; and that on this occasion he was forced at knifepoint to engage in an act of fellatio.

Defendant concedes that under the authority of *State v. Lowe,* 295 N.C. 596, 247 S.E. 2d 878 (1978) and *State v. Edwards,* 305 N.C. 378, 289 S.E. 2d 360 (1982), together with the provisions of G.S. § 15-144.2, the indictment in the present case is sufficient to charge the offense. In *Edwards* we specifically held that an indictment drafted pursuant to G.S. § 15-144.2(b) without specifying which sexual act was committed is sufficient to charge the crime of first degree sexual offense and to inform the defendant of such accusation. We pointed out that should a defendant require additional information on the nature of the specific sexual act with which he stands charged, he may move for a Bill of Particulars. Defendant nevertheless takes the position that in spite of the pro-

visions of G.S. § 15-144.2, "the indictment in this case is insufficient to charge a crime and that judgment and commitment for first degree sexual offense deprives the defendant of his right to indictment by grand jury guaranteed by Art. I, § 22 of the North Carolina Constitution."

As we understand defendant's argument on this question, he does not challenge the indictment either as depriving him of his constitutional right to notice or on a claim of double jeopardy. Those issues were resolved in *State v. Lowe*, 295 N.C. 596, 247 S.E. 2d 878, and in *State v. Edwards*, 305 N.C. 378, 289 S.E. 2d 360. Rather, "defendant's complaint is that the conviction in this case is in violation of his constitutional right to indictment itself." That is, defendant "can be convicted of a crime only when the grand jury has charged in the indictment that he committed those acts which are the elements of the offense." While the argument may be academically intriguing, we find it unpersuasive.

We are satisfied that the indictment charging the defendant with first degree sexual offense was proper in every respect. In so holding, we merely emphasize that the purpose of Article I, § 23 of the North Carolina Constitution, which states that every person charged with a crime has the right to be informed of the accusation, is threefold: to enable a defendant to have a fair and reasonable opportunity to prepare his defense; to avail himself of his conviction or acquittal as a bar to subsequent prosecution for the same offense; and to enable the court to proceed to judgment according to the law in the case of a conviction. *See State v. Squire*, 292 N.C. 494, 234 S.E. 2d 563, *cert. denied*, 434 U.S. 998 (1977); *State v. Jenkins*, 238 N.C. 396, 77 S.E. 2d 796 (1953); *State v. Thomas*, 236 N.C. 454, 73 S.E. 2d 283 (1952). The indictment in the present case meets these constitutional requirements.

[2] Defendant next contends that the court erred in admitting evidence of an alleged sexual act of fellatio because that act occurred not on or about 15 May, as specified in the Bill of Particulars, but rather on or about 28 May.

Defendant was indicted for first degree sexual offense which allegedly occurred on 15 May 1982. The Bill of Particulars specified that the acts involved were anal intercourse *and* fellatio. Following the evidence presented at trial, it became apparent that the only sexual offense which occurred on 15 May and there-

fore for which the defendant was being tried was the act of anal intercourse, and the trial judge so instructed the jury to this effect. Nevertheless, the victim was permitted to testify as to the 28 May incident involving the first degree sexual offense of fellatio.

Defendant argues that "[w]hen the State has filed a bill of particulars, the defendant is entitled to rely on it" and "[t]he State's evidence must be limited to the particulars in the bill." According to defendant, prejudice resulted because he was "misled" into believing that he would "be facing an allegation that he committed two sexual acts on one particular day, when the State planned to offer evidence of two sexual acts on separate days, two weeks apart." We believe that any "prejudice" which might have resulted from the admission of testimony concerning the 28 May offense of fellatio was not due to the "misleading" nature of the Bill of Particulars. Defendant categorically denied any wrongdoing. The fact that he might have been prepared to defend against two, rather than one act of first degree sexual offense alleged to have taken place on 15 May was therefore of no consequence. Error, if any, resulted not from the variance in the dates but rather from the admission of this testimony as evidence of a crime other than that charged.

Under the well-established rules enunciated in *State v. McClain*, 240 N.C. 171, 176, 81 S.E. 2d 364, 367 (1954), "[e]vidence of other crimes is admissible when it tends to establish a common plan or scheme embracing the commission of a series of crimes so related to each other that proof of one or more tends to prove the crime charged and to connect the accused with its commission." *See State v. Williams*, 308 N.C. 357, 302 S.E. 2d 438 (1983). This Court has been "very liberal in admitting evidence of similar sex crimes." *State v. Greene*, 294 N.C. 418, 423, 241 S.E. 2d 662, 665 (1978). Under our settled case law the focus is on the similarity of circumstances of the two crimes. *State v. Leggett*, 305 N.C. 213, 287 S.E. 2d 832 (1982); *State v. Freeman*, 303 N.C. 299, 278 S.E. 2d 207 (1981). With these principles in mind and noting the similarities between the 15 May sexual assault (anal intercourse) and the 28 May sexual assault (fellatio) on defendant's stepson, we hold that the victim's testimony concerning the 28 May incident was admissible.

[3]  Defendant next contends that he was deprived of the right to a fair trial because the State's proof as to the time of day of the alleged rape of Norma Diane Effler varied from the time specified in the Bill of Particulars. With respect to the charges of rape and incest, the State supplied at defendant's insistence and in response to defendant's Motion for a Bill of Particulars, information which stated that the offense occurred on or about 8 June 1982, "in the afternoon hours," at defendant's residence. According to the testimony at trial, the offense occurred sometime between 6:30 p.m. and 9:00 p.m. while Deborah Daniels attended evening classes.

Citing to *State v. Christopher*, 307 N.C. 645, 300 S.E. 2d 381 (1983), defendant contends that his reliance on the time of the offense as set out in the Bill of Particulars led to "trial by ambush" because he produced in court only those witnesses who had knowledge about the events that occurred in the afternoon hours of the day in question. This evidence did, indeed, prove that until Deborah Daniels left for classes, the defendant was never alone with his daughter.

Of significance, however, is the fact that prior to answering defendant's Bill of Particulars, the prosecutor stated:

> Please be advised that this case involves a young child of 10 years old; therefore, *times*, dates and locations cannot be ad (sic) exact as when dealing with adult victims. However, in view of the foregoing the State, being as specific, as possible, makes the following answer:

(Emphasis added.)

Furthermore, in *State v. King*, 256 N.C. 236, 123 S.E. 2d 486 (1962), we held that a child's uncertainty as to the time or particular day the offense charged was committed goes to the weight of the testimony rather than its admissibility, and nonsuit may not be allowed on the ground that the State's evidence fails to fix any definite time when the offense was committed where there is sufficient evidence that the defendant committed each essential act of the offense. *Accord State v. Tessnear*, 254 N.C. 211, 118 S.E. 2d 393 (1961).

If there was a "trial by ambush" in this case, it was orchestrated solely by the defendant. Because of defendant's per-

sistent efforts, the State made a good faith effort to provide him with the approximate date and time of the offense. In so doing, the State prefaced this information with a caveat which, consistent with our case law, clearly placed defendant on notice that the victim was a child and therefore the information provided should not be relied upon for any degree of certainty. Under these circumstances, defendant's attempt to argue reliance is untenable. Moreover, having been informed of the date of the alleged offense, the focus of defendant's alibi defense, if any, should more properly have been for the period of time covering Deborah Daniels' absence, irrespective of whether it was afternoon or early evening.

The evidence at trial raised significant conflicts concerning the events during the late afternoon and early evening hours on the day of the alleged rape. Deborah Daniels testified that she, the defendant, and Cissy ate dinner at the trailer on 8 June and then she took Cissy and the defendant to her father's home where they remained until Deborah's classes were over. The defendant's testimony, however, was silent concerning details of the events during the late afternoon or early evening hours. He did testify that Deborah Daniels' brother was at the trailer for some period of time that evening. Deborah Daniels testified that her brother was not present. Neither Deborah's father nor her brother testified at trial. These conflicts were resolved by the jury.

The record is devoid of any indication whatsoever that defense witnesses were unavailable; that defendant was surprised in any way by the State's evidence; or that defendant intended to present an alibi defense. In post-trial motions and on appeal, no affidavit or statement has been presented regarding the prospective testimony of any witness not called at trial. In sum, the defendant has failed to meet his burden of establishing prejudice.

[4] Finally, defendant contends that the rape and sex offense charges were improperly consolidated for trial.

G.S. § 15A-926(a) provides in pertinent part:

(a) Joinder of Offenses.—Two or more offenses may be joined in one pleading or for trial when the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected

together or constituting parts of a single scheme or plan. Each offense must be stated in a separate count as required by G.S. 15A-924.

We have addressed this question most recently in *State v. Corbett,* 309 N.C. 382, 307 S.E. 2d 139 (1983), in which Justice Martin, writing for the Court, pointed out that

This statute [15A-926], which became effective in 1975, differs from its predecessor, in part by disallowing joinder on the basis that the acts were of the same class of crime or offense when there is no transactional connection among the offenses. *State v. Greene,* 294 N.C. 418, 241 S.E. 2d 662 (1978). *See also State v. Silva,* 304 N.C. 122, 282 S.E. 2d 449 (1981); *State v. Bracey,* 303 N.C. 112, 277 S.E. 2d 390 (1981); *State v. Powell,* 297 N.C. 419, 255 S.E. 2d 154 (1979). As we stated in *Silva:*

A mere finding of the transactional connection required by the statute is not enough, however. In ruling on a motion to consolidate, the trial judge must consider whether the accused can receive a fair hearing on more than one charge at the same trial; if consolidation hinders or deprives the accused of his ability to present his defense, the charges should not be consolidated. *State v. Greene,* 294 N.C. 418, 241 S.E. 2d 662 (1978); *State v. Davis,* 289 N.C. 500, 508, 223 S.E. 2d 296, 301, *death sentence vacated,* 429 U.S. 809, 97 S.Ct. 47, 50 L.Ed. 2d 69 (1976). A motion to consolidate charges for trial is addressed to the sound discretion of the trial judge and that ruling will not be disturbed on appeal absent an abuse of discretion. *E.g., State v. Bracey,* 303 N.C. 112, 277 S.E. 2d 390 (1981); *State v. Davis,* 289 N.C. 500, 223 S.E. 2d 296. If, however, the charges consolidated for trial possess no transactional connection, then the consolidation is improper as a matter of law. *See* G.S. § 15A-926(a).

304 N.C. at 126, 282 S.E. 2d at 452.

While it is true that G.S. § 15A-926 does not permit joinder of offenses solely on the basis that they are of the same class, the nature of the offenses is one of the factors which may properly be

considered in determining whether certain acts or transactions constitute parts of a single scheme or plan as those words appear in the statute. *State v. Greene*, 294 N.C. 418, 241 S.E. 2d 662.

The facts of this case present a unique set of circumstances which, although by no means compelling, provide grounds for permissible joinder of the charges. Here, in less than a month, the defendant, the noncustodial parent, allegedly took advantage of his children during visitations to engage in sexual acts. As their father he was in a position of dominance and used his position to exert his influence over them. In each case, the defendant waited until he was alone with the child, at home. With his daughter, he engaged in vaginal intercourse, and with his stepson, he engaged in anal intercourse. The disclosure of these events took place while the children were together with their mother watching a television program involving sexual abuse of children.

We add further that defendant has shown no prejudice by the joinder. The evidence disclosed a similar *modus operandi*, similar circumstances with respect to the victims, similar location and similar motive. In short, evidence of each crime would have been admissible at the trial of the other to prove intent, plan or design. *See State v. Greene*, 294 N.C. 418, 241 S.E. 2d 662; *see also State v. Corbett*, 309 N.C. 382, 307 S.E. 2d 139 (otherwise admissible to prove identity). We therefore hold that, based solely on the peculiar facts of this case, the trial judge did not abuse his discretion in consolidating the two cases for trial.

Having thus determined that the joinder of the two charges was proper in the first instance, we further note that defendant has made no showing that severance was necessary to insure a fair determination by the jury on each offense. G.S. § 15A-927. Defendant made no motion for severance during the trial or after its conclusion. Nevertheless, we have carefully reviewed the transcript of the trial and find no basis upon which the motion, if made, should have been granted. The evidence before the jury was not complicated. The jury instruction clearly separated the two offenses. The two offenses were not so separate in time or place or so distinct in circumstance that consolidation unjustly or prejudicially hindered or deprived defendant of his ability to defend one or the other of the charges.

No error.