STATE OF NORTH CAROLINA v. RONALD LEE STILLS

No. 462A83

(Filed 6 March 1984)

**1. Criminal Law § 89.3— thirdhand statements by corroborative witnesses—inadmissibility for corroborative purposes**

In a prosecution for first degree sexual offense and taking indecent liberties with a child, the trial court committed prejudicial error in permitting certain corroborative witnesses to testify as to thirdhand statements of other corroborative witnesses for the purpose of corroborating the other corroborative witnesses where portions of the statements did not corroborate the other witnesses and were in direct conflict with the substantive trial testimony of the State's two primary witnesses.

**2. Rape and Allied Offenses § 3— first degree sexual offense—sufficiency of indictment**

An indictment was sufficient to charge defendant with a first degree sexual offense with a child of the age of twelve years or less without specifying the sexual act which defendant is alleged to have committed with the child.

DEFENDANT appeals from judgments of *Mills, J.,* entered at the 2 May 1983 Mixed Session of Superior Court, FORSYTH County. Heard in the Supreme Court 14 February 1984.

Defendant was charged in two bills of indictment with taking indecent liberties with a child on or about 1 December 1982 and with first degree sexual offense on or about 30 November 1982. The victim, Tobias John Crandall, was six years old at the time of these events.

Since October 1981 the defendant had been living with the child's mother, Glenda Faye Cook, and her three children, Toby Crandall, Matthew Cooper, and Sheila Cooper. In October 1982 they all moved from Asheville to Greensboro and soon thereafter, in early November, to Kernersville, North Carolina, where they shared a rented trailer. The events leading to the charges against defendant occurred during the week of 29 November 1982. There is no dispute that prior to this time defendant had no sexual contact with the child. Nor is it disputed that when Toby Crandall was two or three years old and his mother was married to Ray Cooper, her brother-in-law, James Cooper, induced the boy to perform fellatio on him. In October 1982, while defendant was in Greensboro and Toby and his mother were still in Asheville, Dale, a male friend of Glenda Cook's stayed with them for a week. At that time, Toby played with him and fondled his genitals, on his own initiative and for "fun."

The state's evidence tends to show the following: On the night of Wednesday, 1 December 1982, defendant and Glenda Cook had been watching television in their bedroom with Toby. Glenda left the room. When she returned, defendant was on the bed and Toby was sitting in a small chair next to the bed with his hand inside defendant's underwear, fondling his genitals. Glenda became upset, running from the house in tears. When she later returned to the house, she would not speak with Toby, who testified that he "played" with defendant, sometimes on his own initiative and sometimes at defendant's request. Glenda and defendant agreed not to tell anyone and to try to work it out through a doctor.

The following Friday, Glenda Cook went to Asheville and told her sister, Tammy Jones, about the incident. The next day, Jones told their stepmother, Altha Crandall.

On Sunday, after Mrs. Crandall had talked to Glenda and had also learned about the prior incidents involving James Cooper and Dale, she refused to allow the children to return home with her stepdaughter. By Monday, she had convinced Glenda to seek help. On Friday, 10 December 1982, a social worker from the Buncombe County Protective Services and an investigator with the county sheriff's department interviewed Toby. That same day defendant was questioned at the sheriff's department.

Toby Crandall testified at trial that on three daytime occasions between Monday, 29 November 1982, and the following Wednesday night, he had performed fellatio on the defendant when defendant requested this and threatened him with a whipping if he refused.

Defendant has denied these charges. Concerning the Wednesday night in question, he testified that Toby reached for him as Glenda Cook entered the room and that he smacked the boy's hand. He further stated that when the child told him he had been made to do these things by James Cooper and Dale and he liked it, he reprimanded Toby, saying it was wrong. He denied that the child ever touched his genitals or performed fellatio on him.

After closing arguments and instructions from the court, the jury returned verdicts of guilty on both counts. From the trial judge's imposition of a mandatory life sentence for first degree sexual offense, defendant appeals to this Court. His motion to bypass the Court of Appeals in appealing a three-year sentence on his conviction of taking indecent liberties with a child was granted on 14 September 1983.

*Rufus L. Edmisten, Attorney General, by Harry H. Harkins, Jr., Assistant Attorney General, for the state.*

*Adam Stein, Appellate Defender, by Ann B. Petersen, Assistant Appellate Defender, for defendant.*

MARTIN, Justice.

[1] Defendant first claims that certain testimony designated as "corroborative" by the state far exceeded the proper bounds of corroboration and should never have been permitted by the trial court. We agree and remand this case for a new trial.

Toby Crandall and Glenda Cook were the only persons to testify as to matters they claimed to have observed firsthand. In addition, the state called six corroborative witnesses: family members Altha Joyce Crandall and Tammy Jones; Officer Marshall Gravley of the Buncombe County Sheriff's Department; Jane Olmsted of the Forsyth County Department of Social Services; Ralph Mason and Evelyn Harless, investigators for the Forsyth County Sheriff's Department.

Portions of the secondhand testimony of these six witnesses went to facts and information told to them by one or both of the substantive witnesses, Toby and Glenda.

Over defendant's objections, however, the trial court also permitted certain of these corroborative witnesses to testify as to prior out-of-court statements of other corroborative witnesses — "to corroborate the corroboration."

Here the court was faced with testimony thrice-removed from the original declarant. Furthermore, portions of these so-called "corroborative" statements were in direct conflict with the substantive trial testimony of Glenda Cook or Toby Crandall. Mrs. Altha Joyce Crandall, for example, testifying solely as a corroborative witness at trial, was interviewed by Forsyth County Deputy Sheriff Evelyn Harless on 6 January 1983. The interviewing officer was permitted to read to the jury the entire transcript of the interview. Defense counsel objected "that she has testified and it's hearsay and this is not sufficient value."

The trial judge responded:

Objection overruled. Members of the jury, the transcript of this interview that this officer made with the grandmother will be received into evidence only for the purpose of corroborating what the grandmother said on the stand, if it does and for no other reason. If there are parts that do not corroborate what the grandmother said on the stand in previous testimony, you will disregard it.

A portion of the transcript read to the jury follows:

A. Can you remember what the conversation was between you and Glenda?

. . . .

"JOYCE: And I asked her to tell me — I says, 'What is this I hear about Toby and Ronnie?'

"And she proceeds to tell me that she had caught Toby and Ronnie in bed and that Toby was sucking Ronnie.

"HARLESS: Okay. Now were these the words she used?

"JOYCE: Yes, these were the words that she used.

. . . .

"And I says, 'Well, how long has this been going on?'"

"And she says, 'Well, I don't know.' She says, 'I think it has been going on for a while.'"

A review of the record reveals that this "corroborative" testimony is in direct and substantial conflict with the trial testimony of Glenda Cook, Toby Crandall, and Tammy Jones herself, each of whom had testified that Toby had been discovered "fondling" the defendant.

Elsewhere the record shows numerous examples of hearsay testimony such as the following:

Q. And do you remember what she told you on that occasion?

A. Yes. [Altha Crandall is testifying as to what she had been told by Tammy Jones.]

Q. And what did she tell you?

A. She told me that Glenda had come over on Friday evening to talk to her and told her that she had caught Ronnie and Toby having oral sex.

The trial judge, in his charge to the jury, later summarized this portion of the evidence as follows:

Altha Joyce Crandall indicated that she lives in Chandler, North Carolina, and she is the grandmother of Toby; that she was told about what happened sometime early in December. Said that Tammy had told her that Glenda had told her that she caught Ronnie and Toby with Toby performing some oral sex. She indicated when she saw Glenda, she asked Glenda what was going on and she said that Glenda had caught Ronnie and Toby and told her that Toby was sucking on Ronnie.

The evidence against defendant in this case thus consists of (1) confused and inconsistent trial testimony of the state's primary witnesses, Toby and Glenda; (2) testimony of the family and investigating officials as to prior statements of Toby and Glenda, corroborative in varying degrees and accompanied by limiting in-

structions from the trial court; (3) thirdhand hearsay statements offered by the state to "corroborate" other secondhand testimony which in fact directly conflict with the substantive trial testimony of Toby and Glenda; and (4) other impermissible hearsay statements admitted with no objection and reiterated by the trial court in his charge to the jury.

The trial court did not instruct the jury that prior statements of a corroborative witness had been introduced solely for the purpose of corroborating that witness's testimony and were not substantive evidence of the truth of any facts in those prior statements.

Defendant argues, and we agree, that it is the third and fourth categories of evidence as summarized above which were improperly heard by the jury and were sufficiently prejudicial to warrant a new trial.

The main task of the jury in most cases is to identify the substantive evidence which is credible. To this end, trial judges in this state generally have wide discretion in admitting evidence which they determine to be helpful to a jury appraisal of credibility. 1 Brandis on North Carolina Evidence § 52 (1982). However, as Professor Brandis has noted:

> The liberality of the rule has occasionally led counsel or a trial judge to assume that virtually any evidence is admissible if only it is labeled "corroboration." There are, nevertheless, some limitations, disregard of which may be reversible error, though such limitations are concerned more with *what* is corroborative than with *when* corroborative evidence is admissible.

*Id.* at 193.

By definition, a prior statement is admitted only as corroboration of the substantive witness and is not itself to be received as substantive evidence. *See State v. Easterling*, 300 N.C. 594, 268 S.E. 2d 800 (1980). Furthermore, "prior consistent statements" are admissible only when they are in fact consistent with the witness's trial testimony. 1 Brandis, *supra*, § 52; *State v. Moore*, 300 N.C. 694, 268 S.E. 2d 196 (1980); *State v. Warren*, 289 N.C. 551, 223 S.E. 2d 317 (1976); *State v. Bagley*, 229 N.C. 723, 51 S.E. 2d 298 (1949).

We hold that the trial court committed prejudicial error in admitting the challenged "corroborative" testimony. Much of it did not corroborate the other witnesses, and in part it contradicted the substantive testimony. With respect to the primary witness whose testimony is thereby contradicted, the statements are improper as impeachment. As "new" evidence they may not be introduced by the state under a claim of "corroboration." *State v. Moore, supra.* Moreover, the statements failed to corroborate the witness.

The potential of such statements to confuse the jury as to what *is* substantive evidence in the case far outweighs any probative value. To justify the admission into evidence of hearsay statements *three* or *four* times removed from the original declarant under the guise of corroborating the corroborative witnesses is unacceptable. This is not to say, however, that a corroborating witness may not be corroborated. This Court still favors the liberality of the rule as expressed in *State v. Henley,* 296 N.C. 547, 251 S.E. 2d 463 (1979). If there is a question as to whether evidence offered for corroborative purposes is corroborative and admissible, the trial court should conduct a voir dire hearing in the absence of the jury for this determination.

The state has argued that any error in admitting this unlawful evidence was harmless, there remaining "plenary competent evidence . . . from which the jury could have determined defendant's guilt of the crime charged." Be that as it may, viewing the extent of the incompetent evidence admitted and the likelihood of its effect on the jury, we hold that defendant has carried his burden of showing prejudicial error. N.C. Gen. Stat. § 15A-1443(a) (1983).

[2] Defendant has also challenged the validity of the indictment for first degree sexual offense in that it does not specify the sexual act which defendant is alleged to have committed with Toby Crandall.

The indictment reads as follows:

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 30th day of November, 1982, in Forsyth County Ronald Lee Stills unlawfully and wilfully did feloniously with force and arms commit and engage in a sexual

act with another person, to wit; Tobias John Crandall, a child of the age of twelve years of age or less and the defendant was four or more years older than the said Tobias John Crandall, in violation of North Carolina General Statute 14-27.4(a)(2).

Defendant argues that his conviction in this case is in violation of his constitutional right to indictment as guaranteed by article I, section 22 of the North Carolina Constitution.

In *State v. Effler*, 309 N.C. 742, 309 S.E. 2d 203 (1983), this Court dealt with this precise issue. In that case, as here, defendant was arguing that he "can be convicted of a crime only when the grand jury has charged in the indictment that he committed those acts which are the elements of the offense." *Id.* at 747, 309 S.E. 2d at 206.

We do not find the argument persuasive and deem it adequate to repeat the following from *Effler*:

> We are satisfied that the indictment charging the defendant with first degree sexual offense was proper in every respect. In so holding, we merely emphasize that the purpose of Article I, § 23 of the North Carolina Constitution, which states that every person charged with a crime has the right to be informed of the accusation, is threefold: to enable a defendant to have a fair and reasonable opportunity to prepare his defense; to avail himself of his conviction or acquittal as a bar to subsequent prosecution for the same offense; and to enable the court to proceed to judgment according to the law in the case of a conviction. *See State v. Squire,* 292 N.C. 494, 234 S.E. 2d 563, *cert. denied,* 434 U.S. 998 (1977); *State v. Jenkins,* 238 N.C. 396, 77 S.E. 2d 796 (1953); *State v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283 (1952). The indictment in the present case meets these constitutional requirements.

309 N.C. at 747, 309 S.E. 2d at 206.

New trial.