STATE OF NORTH CAROLINA v. IRVING ROBERTS

No. 265A83

(Filed 6 March 1984)

1. **Indictment and Warrant § 7; Rape and Allied Offenses § 3— first degree rape—sufficiency of indictment**

     The indictment charging defendant with the crime of first degree rape fully satisfied defendant's right to be indicted by a grand jury even though the indictment did not specify all the elements of the crime charged. G.S. 15-144.1, G.S. 15-144.2, G.S. 14-27.2.

2. **Rape and Allied Offenses § 5— first degree rape—sufficiency of evidence**

     Testimonial evidence by the victim that defendant had a knife stuck in the ground beside him while he was engaged in intercourse with the victim was sufficient to support a finding of the element of first degree rape that the defendant employed or displayed a dangerous weapon during the course of the rape. G.S. 14-27.2.

State v. Roberts

3. **Rape and Allied Offenses § 7— assault inflicting serious injury properly not considered as lesser offense of first degree rape**

　　The trial court properly failed to consider assault inflicting serious injury under G.S. 14-33(b)(1) as a lesser included offense of first degree rape under G.S. 14-27.2(a)(2)b since defendant's first degree rape charge was not submitted to the jury on the theory that he inflicted serious personal injury on the victim. Rather, the case was submitted to the jury on the theory that defendant engaged in vaginal intercourse with the victim against her will and he *employed or displayed a dangerous or deadly weapon.* G.S. 14-27.2(a)(2)a. Further, since the infliction of serious bodily injury upon the victim is not an essential element of the greater crime of first degree rape of which defendant was convicted, it was not improper for the jury to also find defendant guilty of assault inflicting serious bodily injury.

4. **Criminal Law § 114.2— jury instructions—no expression of opinion in recapitulation of evidence**

　　There was no expression of opinion in the trial court's summary of the evidence where the trial judge summarized the evidence as indicating both a State's witness and one of defendant's witnesses said they saw the defendant in the area of a tobacco barn and a packhouse since a careful review of the evidence adduced at trial showed that both witnesses were walking together on the day after the crime when they saw the defendant, respectively, at the tobacco barn and at the packhouse and since both are located in the same general area.

APPEAL by defendant from the judgments and sentences entered by the *Honorable David E. Reid, Judge Presiding,* at the 21 February 1983 Criminal Session of Superior Court, JONES County. Heard in the Supreme Court 9 November 1983.

Defendant was charged in bills of indictment, proper in form, with the following crimes, all of which were committed against the same victim, Pearlie Mae Roberts: first degree rape, first degree burglary, first degree kidnapping and assault inflicting serious bodily injury. All of the charges were consolidated for trial. A jury found the defendant guilty as charged. Judge Reid sentenced the defendant to life imprisonment for the first degree rape conviction, fifteen years for the first degree burglary conviction, twelve years for the first degree kidnapping conviction and two years for the assault inflicting serious bodily injury conviction, with all sentences to run concurrently.

Pursuant to G.S. § 7A-27(a) (1981), defendant appeals his conviction of first degree rape and the sentence imposed thereon as a matter of right. This Court allowed defendant's motion to bypass

the Court of Appeals on the remaining convictions in order to consolidate for review all of defendant's convictions in this case.

*Rufus L. Edmisten, Attorney General, by Christopher P. Brewer, Assistant Attorney General, for the State.*

*Adam Stein, Appellate Defender, by Ann B. Petersen, Assistant Appellate Defender, and James R. Glover, Director, Appellate Defender Clinic, for the defendant.*

FRYE, Justice.

Defendant seeks a new trial and brings forward for review by this Court four alleged errors committed by the trial court. Defendant contends that: (1) the indictment for rape was insufficient to charge an offense greater than second degree rape; (2) the evidence was insufficient to convict him of first degree rape; (3) the trial court erred by entering judgment for both first degree rape and assault causing serious bodily injury; and, (4) the trial judge impermissibly expressed an opinion concerning the testimony of two witnesses. For the reasons stated in this opinion, we find no error in the trial proceedings leading to defendant's convictions of the crimes charged.

I.

Most of the State's evidence at trial consisted of the testimony of Pearlie Mae Roberts, the victim. Mrs. Roberts testified as follows:

She lives in a trailer in an area of town known as Garnett Heights, which is located in Pollocksville, North Carolina. She is married to Edward Roberts, the defendant's cousin. On Saturday night, 4 December 1982, from approximately 7:30 to 9:30 p.m., Mrs. Roberts was across the street from her trailer visiting in the home of Ella Roberts, the defendant's mother. During the course of the visit, she drank a bottle of beer and some wine. The defendant was also present at his mother's house.

After leaving defendant's mother's house, Mrs. Roberts returned home. At approximately 11:00 p.m. she was lying on her couch watching television. All of the doors to her trailer were locked. However, the back door, which had a broken windowpane in it, could be opened from the outside, if someone reached their

hand through the space from which the pane was missing. The defendant approached Mrs. Roberts from behind, coming from the general direction of the back door, and put a knife to her throat. Defendant told her that if she hollered he would kill her.

Then the defendant, holding the victim by her neck and her arm, forced her out of the trailer and across the road to an unused tobacco barn. While in the barn, the defendant beat her and tore all of her clothes off.[1] Next, defendant tied the victim's hands together and gagged her. He then proceeded to have sexual intercourse with her. Thereafter, he tied her feet together. Defendant left her lying nude on the ground and as he departed he said, "[i]f you ain't dead when I come back the next morning, you will be dead." Shortly thereafter, defendant returned and threw a quilt over her.

After defendant left the barn, the victim was able to free her feet and run to a neighbor's house where she was given a coat. Then she ran to another neighbor's house who removed the gag from her mouth and untied her hands. After talking with her neighbor for a short period of time, she returned home and went to bed without calling the police. Her husband was not at home when she arrived.

The next morning she went to her mother-in-law's house and was subsequently driven to the sheriff's department where the crime was reported. After reporting the crime, Mrs. Roberts and Deputy Sheriff Roger Smith returned to the scene of the crime. Outside of the tobacco barn the deputy sheriff discovered a rag and a twelve-inch butcher knife with a wooden handle sticking in the ground. A quilt was found inside the barn. Mrs. Roberts identified the knife that was found outside of the barn as being the knife that defendant had when he entered her trailer.

Deputy Smith testified that one of the victim's eyes was swollen and "her lips were swollen real bad" when she came to the sheriff's department. He also testified that the dirt inside the

---

1. The victim's testimony about the sequence of events was not entirely consistent. At one point, she testified the defendant beat her up and then tore her clothes off. Then she testified the defendant beat her after she was tied and gagged with the torn clothes and before he had sexual intercourse with her. Later she testified the beating took place while they were on the ground and during the act of sexual intercourse.

barn was all scuffled up. Deputy Smith was unable to obtain any footprints from the ground of the barn. Additionally, no fingerprints could be taken from the knife because of the material of which the handle was composed.

The defendant's evidence, presented through the testimony of his mother and two sisters, tended to show that on 4 December 1982, defendant was staying with his sister in Elizabeth City, North Carolina, which is approximately three hours from Pollocksville. Defendant's sister testified that defendant was at her house on 4 December 1982 at 9:30 p.m. just prior to her going to bed and that she saw him again on 5 December 1982 at approximately 12:00 o'clock noon, thereby making it impossible for him to have been in Pollocksville on 5 December 1982 as testified to by some witnesses for the State.

Other facts necessary to a determination of the issues raised by defendant will be incorporated in the opinion.

II.

[1] Defendant's first assignment of error alleges that the indictment for rape was insufficient to charge an offense greater than second degree rape because the indictment does not specify the essential elements which distinguish first degree rape from second degree rape. Therefore, defendant contends that the trial court's entry of judgment for the offense of first degree rape deprived him of his constitutional right to indictment by a grand jury as guaranteed by Article I, § 22 of the North Carolina Constitution. Basically, the defendant's contention is that the indictment, which was in the short form approved by G.S. § 15-144.1, was insufficient to charge first degree rape because the indictment does not allege that "defendant displayed a dangerous weapon or that he caused serious injury or that he was aided and abetted by another, essential elements of first degree rape." G.S. § 14-27.2 (Cum. Supp. 1983) provides as follows:

(a) A person is guilty of rape in the first degree if the person engages in vaginal intercourse:

. . . .

(2) With another person by force and against the will of the other person, and:

    a. Employs or displays a dangerous or deadly weapon or an article which the other person reasonably believes to be a dangerous or deadly weapon; or

    b. Inflicts serious personal injury upon the victim or another person; or

    c. The person commits the offense aided and abetted by one or more other persons.

The indictment for rape in the instant case provided in pertinent part as follows:

> The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did ravish and carnally know Pearly [sic] Mae Roberts, a female person, by force and against her will.

> [Note: This indictment is sufficient to charge both First and Second Degree Rape of a female person when force was used. G.S. 15-144.1(a); G.S. 15-155. A prosecutor who only intends to prosecute for Second Degree Rape may want "Second Degree" typed before "Rape" in the offense block.

> This indictment is not sufficient to charge first degree rape of a child of the age of 12 years or less or second degree rape of a handicapped person. See G.S. 15-144.1 (b) and (c) to indict for these offenses.]

In *State v. Effler*, 309 N.C. 742, --- S.E. 2d --- (1983), this Court addressed the same arguments which are being made in the instant case, while discussing whether a short form indictment for a sexual offense, drafted pursuant to G.S. § 15-144.2, satisfied a defendant's constitutional right to indictment by a grand jury even though the indictment did not specify all of the elements of the crime charged. In *Effler* we stated:

> We are satisfied that the indictment charging the defendant with first degree sexual offense was proper in every respect. In so holding, we merely emphasize that the purpose of Article I, § 23 of the North Carolina Constitution, which states that every person charged with a crime has the right to be informed of the accusation, is threefold: to enable a

defendant to have a fair and reasonable opportunity to prepare his defense; to avail himself of his conviction or acquittal as a bar to subsequent prosecution for the same offense; and to enable the court to proceed to judgment according to the law in the case of a conviction. *See State v. Squire,* 292 N.C. 494, 234 S.E. 2d 563, *cert. denied,* 434 U.S. 998 (1977); *State v. Jenkins,* 238 N.C. 396, 77 S.E. 2d 796 (1953); *State v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283 (1952). The indictment in the present case meets these constitutional requirements.

*Id.* at ---, --- S.E. 2d at ---. We find the above-quoted language from *Effler* to be equally applicable to the indictment in the instant case. Therefore, we hold that the indictment charging defendant with the crime of rape fully satisfied defendant's right to be indicted by a grand jury. Defendant's assignment of error is overruled.

### III.

[2] Next, defendant contends that the evidence adduced at trial was insufficient to convict him of first degree rape. Defendant correctly states that his conviction for first degree rape was based upon the fact that he employed or displayed a dangerous weapon during the course of the rape. However, defendant contends that the evidence only shows that the knife which he possessed was displayed during the course of the kidnapping but not during the rape. Defendant's assignment of error is without merit.

During direct examination, the victim, Mrs. Roberts, testified as follows concerning defendant's actions while he engaged in intercourse with her:

Q. When he was doing this, did he have any type of weapon when he was doing this in the tobacco barn?

A. He had a knife stuck right beside of him.

Q. In the ground?

A. Yes. On the side right there. (Witness indicated.)

This testimonial evidence was definitely sufficient to support a finding of the element of first degree rape that the defendant

employed or displayed a dangerous weapon during the course of the rape. G.S. § 14-27.2 (Cum. Supp. 1983). This assignment of error is overruled.

IV.

[3] Defendant next contends that judgment should be arrested on his "conviction for assault inflicting serious injury" because "[a]ll of the elements of assault inflicting serious injury are included in the offense of first degree rape inflicting serious injury." Assuming, *arguendo*, that assault inflicting serious injury under G.S. 14-33(b)(1) is a lesser included offense of first degree rape under G.S. § 14-27.2(a)(2)b requiring the infliction of serious personal injury upon the victim, this will not help the defendant in the instant case. The defendant's first degree rape charge was not submitted to the jury on the theory that he inflicted serious personal injury on the victim. Rather, the case was submitted to the jury on the theory that defendant engaged in vaginal intercourse with the victim against her will and he *employed or displayed a dangerous or deadly weapon.* G.S. § 14-27.2(a)(2)a (Cum. Supp. 1983). (Emphasis added.) This is clear from the trial judge's charge to the jury, which included the following:

> And fourth, that the Defendant employed or displayed a dangerous or deadly weapon. A butcher knife, I instruct you members of the jury, is a dangerous or deadly weapon.

> So I charge, members of the jury, with respect to the charge of first degree rape, that if you find from the evidence and beyond a reasonable doubt that on or about the 4th day of December, 1982, Ervin [sic] Roberts engaged in vaginal intercourse with Pearlie Mae Roberts, and he did so by holding a knife to her throat and threatening to kill her, and that this was sufficient to overcome any resistance with Pearlie Mae Roberts, and that Pearlie Mae Roberts did not consent, and that it was against her will, and that Ervin [sic] Roberts employed or displayed a butcher knife, it would be your duty to return a verdict of guilty of first degree rape. However, if you do not so find, or if you have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of "not guilty" as to this charge.

In *State v. Weaver*, 306 N.C. 629, 295 S.E. 2d 375 (1982), this Court, in discussing what determines whether an offense is a

lesser included offense of a greater crime, stated that "[i]f the lesser crime has an essential element which is not completely covered by the greater crime, it is not a lesser included offense." *Id.* at 635, 295 S.E. 2d at 379. Since the infliction of serious bodily injury upon the victim is not an essential element of the greater crime of first degree rape of which defendant was convicted, it was not improper for the jury to also find defendant guilty of assault inflicting serious bodily injury since this offense is not a lesser included offense of the first degree rape. Defendant's assignment of error is meritless.

V.

During the trial, the defendant offered evidence which tended to show that he was in Elizabeth City, North Carolina, on the day in which these crimes were committed and the day afterwards. In an attempt to rebut this evidence, the State presented McArthur Cherry who testified that on Sunday, 5 December 1982, he saw the defendant standing near the tobacco barn where the victim was raped. In an attempt to rebut the State's evidence, the defendant presented Edward Roberts, the victim's husband, who testified that he saw the defendant at the same time as McArthur Cherry, but he saw him near a packhouse and not near the barn. In summarizing the testimony of Edward Roberts, the trial judge stated to the jury:

> And his testimony was that he recalls seeing—his testimony tends to show that he recalls seeing the Defendant at the same time on the morning of December the 5th, 1982, in the area where the witness, McArthur Cherry, said he saw the Defendant in the area of the tobacco barn and the packhouse as was testified to, as you will recall, by the witnesses.

[4] Defendant contends that the trial judge's recapitulation of the evidence forced the testimony of Edward Roberts into consistency with the testimony of McArthur Cherry, which was favorable to the State. Defendant also contends that the trial judge's mischaracterization of the evidence amounted to an improper expression of opinion by the trial judge in violation of G.S. § 15A-1222 and G.S. § 15A-1232.

We disagree with defendant's contentions. A careful review of the evidence adduced at trial shows that both men were walk-

ing together on Sunday morning, 5 December 1982, when they observed the defendant. The evidence also shows that the tobacco barn and the packhouse are located in the same general area. Therefore, the trial judge's recapitulation of the evidence was substantially correct, and at most, it amounted to a slight inadvertent statement which was not prejudicial to the defendant. *State v. Freeman*, 295 N.C. 210, 244 S.E. 2d 680 (1978); *State v. Willard*, 293 N.C. 394, 238 S.E. 2d 509 (1977). We also hold that no impermissible expression of opinion occurred during the trial judge's summarization of the evidence.

Lastly, we note that defendant did not object to the trial judge's summarization of the evidence at trial. Therefore, assuming *arguendo* that the trial judge's recapitulation of the evidence was erroneous, defendant has waived his objection to the trial judge's charge. *See* N.C. Rules of Appellate Procedure, Rule 10(b)(2); *Freeman*, 295 N.C. at 226, 244 S.E. 2d at 689-90. Additionally, we hold that the slight inadvertence by the trial judge is insufficient to invoke the "plain error" exception to N.C. Rules of Appellate Procedure, Rule 10(b)(2), because there is no reasonable probability that the evidence, which tended to show that defendant was seen the next day near the packhouse or the tobacco barn, "tilted the scales" in favor of defendant's conviction. *State v. Black*, 308 N.C. 736, 303 S.E. 2d 804 (1983). Defendant's assignment of error is overruled.

For the reasons hereinabove stated, we find that defendant received a fair trial free from prejudicial error.

No error.