STATE OF NORTH CAROLINA v. ANTHONY Z. WHITFIELD

No. 288A83

(Filed 3 April 1984)

1. **Rape and Allied Offenses § 3— indictment—two separate counts of first degree rape—no double jeopardy**

    There was no merit to defendant's argument that he was placed in jeopardy twice for the same offense where he was indicted, tried and convicted on two separate counts of first degree rape, involving two separate incidents; defendant was convicted under the first count as a principal; he was convicted under the second count as an aider and abettor and was therefore guilty as a principal.

2. **Jury § 5— failure to excuse prospective jurors for cause—no error**

    Defendant failed to show the trial court abused its discretion in denying his motion to strike for cause two prospective jurors. One prospective juror was the father of an assistant district attorney and the second was an employee of the Fayetteville Police Department. Both indicated that he or she would render a fair and impartial decision based solely upon the evidence presented from the witness stand.

APPEAL by defendant from *Farmer, J.,* at the 14 March 1983 Criminal Session of Superior Court, CUMBERLAND County. Defendant was convicted of two counts of first degree rape and one count of assault with a deadly weapon with intent to kill inflicting serious injury. He received two consecutive life sentences on the rape convictions, to be followed by a six-year sentence on the assault conviction. We allowed defendant's motion to bypass the Court of Appeals on the assault conviction on 14 September 1983. Heard in the Supreme Court 15 March 1984.

*Rufus L. Edmisten, Attorney General, by Christopher P. Brewer, Assistant Attorney General, for the State.*

*Ann B. Petersen, Assistant Appellate Defender, Office of the Appellate Defender, for the defendant-appellant.*

MEYER, Justice.

The charges against defendant arose out of the 2 May 1982 sexual assault and beating of Bridget Merkley. Mrs. Merkley testified that after making a call from a telephone booth, she was hit on the head and dragged behind the Master Tune Station off Bragg Boulevard in Fayetteville. Her assailants were two men

she had seen earlier as she was using the telephone. Both men raped her, one holding her down as the other committed the offense. During and following the rape she was severely beaten about the head with a concrete block. A third man, whom she had also seen earlier, did not participate in the rape.

Nicky Byrd testified for the State. He admitted being present during the rape and acting as a lookout. He identified the defendant as one of the men who raped and beat the victim. He further admitted initially hitting the victim on the head with a rock to facilitate her removal from the area of the telephone booth.

As a result of the beatings inflicted by her assailants, Mrs. Merkley suffered multiple lacerations to her forehead, face, and scalp; fractures of the skull, jaw, and bones around her eyes; fracture of the arm, ribs, and thumb; a collapsed lung; and multiple other contusions. Her face was beaten beyond recognition.

Two of defendant's three assignments of error challenge the sufficiency of the indictment charging him with the offenses. By his third assignment of error defendant contends that the trial court abused its discretion in denying defendant's motion to strike two jurors for cause. We find no error.

The indictment upon which defendant now bases his first two assignments of error reads as follows:

STATE OF NORTH CAROLINA          In The General Court of
County of Cumberland             Justice — Superior Court
                                 Division

The State of North Carolina
        vs.
Anthony Z. Whitfield, Defendant

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 2nd day of May, 1982, in Cumberland County Anthony Z. Whitfield unlawfully and wilfully did feloniously rape Bridget A. Merkley by engaging in vaginal intercourse by force and against her will, in violation of North Carolina General Statutes Section 14-27.2(a)(2).

AND THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 2nd day of May, 1982, in Cumber-

land County Anthony Z. Whitfield unlawfully and wilfully did feloniously rape Bridget A. Merkley by engaging in vaginal intercourse by force and against her will, in violation of North Carolina General Statutes Section 14-27.2(a)(2).

AND THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 2nd day of May, 1982, in Cumberland County Anthony Z. Whitfield unlawfully and wilfully did feloniously rape Bridget A. Merkley by engaging in vaginal intercourse by force and against her will, in violation of North Carolina General Statutes Section 14-27.2(a)(2).

AND THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 2nd day of May, 1982, in Cumberland County Anthony Z. Whitfield unlawfully and wilfully did feloniously assault Bridget A. Merkley with a deadly weapon, to wit: a blunt instrument, with intent to kill the said Bridget A. Merkley, inflicting serious injuries by beating her about the head, in violation of North Carolina General Statutes Section 14-32(a).

> s/MARTHA H. CLARK
> Assistant District Attorney

WITNESSES:
X    B. Daws, CCSD

The witnesses marked "X" were sworn by the undersigned foreman and examined before the grand jury, and this bill was found to be (X) a true bill by twelve or more grand jurors.

This 16 day of August, 1982.

> s/GENE D. FREEMAN
> Grand Jury Foreman

Prior to trial, the third count of the indictment, charging the defendant with rape, was dismissed. Included in the State's notice to dismiss count three was the following:

NOW COMES the State of North Carolina, by and through Assistant Attorneys General Christopher P. Brewer and Donald W. Stephens, Special Prosecutors in the above entitled action, and give notice to the defendant that the State in-

tends to call for trial Counts One, Two and Four of the Bill of Indictment returned against this defendant on 16 August 1982; the State intends to dismiss Count Three of the Bill of Indictment; the State provides additional information concerning Count Two of the Bill of Indictment, as in the nature of a Bill of Particulars (See G.S. 15A-925) as follows:

"That on or about the 2nd day of May, 1982, in Cumberland County, Anthony Z. Whitfield did unlawfully, wilfully and feloniously aid and abet and act in concert with Charles E. Crocker in the unlawful, wilfull and felonious rape of Bridget A. Merkley by Charles E. Crocker in that Charles E. Crocker did unlawfully, wilfully and feloniously engage in vaginal intercourse with Bridget A. Merkley on or about the 2nd day of May, 1982, by force and against her will, in violation of N.C.G.S. Sec. 14-27.2(a)(2)."

[1] Defendant contends that "an indictment alleging multiple counts of the same offense by the same defendant against the same victim at the same place and time will not support multiple convictions and multiple punishments."

Defendant's argument is academic. It is clear that defendant was indicted, tried, and convicted on two separate counts of first degree rape, involving two separate incidents: defendant was convicted under the first count as a principal; he was convicted under the second count as an aider and abettor and therefore guilty as a principal. *State v. Johnson,* 226 N.C. 671, 40 S.E. 2d 113 (1946). It is defendant's contention, nevertheless, that disregarding the evidence at trial, including the obvious fact that his convictions were based on two different theories, and disregarding the fact that the State particularized the nature of the second count, the indictment raises the possibility that he might have been twice put in jeopardy for the same offense. We do not agree.

Each count in the indictment was sufficient to allege first degree rape. *See State v. Roberts,* 310 N.C. 428, 312 S.E. 2d 477 (1984); *State v. Effler,* 309 N.C. 742, 309 S.E. 2d 203 (1983). The theory upon which these charges were brought was a proper subject for a Bill of Particulars. *Id.* While it would have been preferable for the State to particularize both counts, rather than only the second count, defendant has failed to show prejudice as a result of the State's clarification of only the second count. It is

clear from the evidence at trial, including the jury instructions, that the first count was based upon defendant's forcible rape of the victim as the actual ravisher.

Defendant further contends that the counts charging rape were insufficient to charge an offense greater than second degree rape. He bases his argument on the State's failure to allege in the indictment the theory upon which the charge of first degree rape was brought. Defendant concedes that this issue has been resolved against him in *State v. Roberts*, 310 N.C. 428, 312 S.E. 2d 477; *see State v. Effler*, 309 N.C. 742, 309 S.E. 2d 203. We decline to reconsider our decisions in these two recent cases.

[2] By his final assignment of error defendant contends that the court abused its discretion in denying his motion to strike for cause two prospective jurors who, defendant alleges, were biased in favor of the State. One prospective juror was the father of an Assistant District Attorney in Cumberland County who did not participate in the trial. The second juror was an employee of the Fayetteville Police Department (the officers who handled the case and testified were sheriff's deputies). Both were questioned extensively. Each indicated that he or she would render a fair and impartial decision in the case. No answer given by either indicates otherwise. Due to the peculiar situation of each, it was obvious that both of these prospective jurors had, to some degree, more familiarity with the workings of the judicial system than an average individual might. This, alone, is insufficient to mandate automatic exclusion from a jury. *See State v. Hunt*, 37 N.C. App. 315, 246 S.E. 2d 159, *disc. rev. denied*, 295 N.C. 736, 248 S.E. 2d 865 (1978). Nor do we find it determinative that one of those prospective jurors, when asked if he might "lean" toward the prosecution, answered "there is always an element of doubt," while the other responded that she was not "absolutely" positive. These answers represent nothing more than total honesty and their import is characteristic of any prospective juror whose individual biases are not instantly shed upon being summoned for jury duty. Of significance is that these prospective jurors, when questioned, stated that they could listen to the evidence and render an impartial decision based solely upon the evidence presented from the witness stand. The trial judge did not abuse his discretion in denying defendant's motion to excuse for cause these two jurors. *See State v. Corbett*, 309 N.C. 382, 307 S.E. 2d 139 (1983).

Our review of the trial transcript indicates that this defendant received the benefit of able and aggressive representation by the public defender before an able and thorough trial judge. His representation on appeal was equally competent. Defendant received a fair trial free of error.

No error.