STATE OF NORTH CAROLINA v. WALTER D. BOYKIN, JR. AND WILLIE JAMES BOYKIN

No. 91A81

(Filed 3 November 1982)

**Criminal Law § 92— consolidating charges against two defendants for trial improper — antagonistic positions**

The trial court erred in consolidating two different defendants' trials for murder and assault with a deadly weapon with intent to kill inflicting serious bodily injury where there was no doubt that the position of one defendant, Walter, was antagonistic toward the position of defendant Willie since the presence of defendant Walter, as a codefendant, denied Willie the opportunity to introduce evidence which would have explained his admissions, some of the State's strongest evidence against him. The denial of such evidence left the jury with the impression that defendant Willie had spoken out of both sides of his mouth without any reasonable explanation. G.S. 15A-926(b)(2)(a) and G.S. 15A-927(c)(2)(a)(b).

DEFENDANTS appeal from judgment of *Peel, J.,* entered at the 1 June 1981 Criminal Session of Superior Court of SAMPSON County.

The defendants, Willie James Boykin and his brother Walter Dal Boykin, Jr. were indicted 13 April 1981. Defendant, Willie James Boykin, was indicted for the murder of James Ray Lamb and was also indicted for assault with a deadly weapon with intent to kill inflicting serious bodily injury upon Tommy William Fennell. The defendant, Walter Dal Boykin, Jr., like his brother Willie, was indicted for the murder of James Ray Lamb. In addition, Walter was indicted for assault with a deadly weapon with intent to kill inflicting serious bodily injury on Azariah Fennell. Both defendants entered pleas of not guilty on all charges. The jury found defendant Willie James Boykin guilty of second degree murder of James Ray Lamb and guilty of assault with a deadly weapon with intent to kill inflicting serious injuries on Tommy William Fennell. Defendant Walter Dal Boykin, Jr., was found guilty of second degree murder of James Ray Lamb and guilty of assault with a deadly weapon inflicting serious injuries on Azariah Fennell.

Trial Judge Peel sentenced Willie James Boykin to a term of not less than seventeen nor more than twenty years on his murder conviction and for a term of not less than seventeen nor

more than twenty years on the assault conviction to run concurrently with the murder sentence. The trial court sentenced Walter Dal Boykin, Jr., to a term of life imprisonment on the murder conviction and to a term of ten years on the assault conviction to run concurrently with the life sentence. Each defendant appealed his conviction on both charges. We bypassed the Court of Appeals for the assault convictions and for Willie James Boykin's murder conviction in order that all the cases against these defendants could be consolidated for the purpose of appeal.

The State's evidence tended to show that on the evening of 25 December 1980 a large number of people had congregated at Ras's Place, a local night spot, near Harrells in Sampson County. At some point during the evening the decedent, James Ray "Pap" Lamb, began arguing with the defendant Willie James Boykin. This argument escalated into a fist fight in which defendant Willie James Boykin quickly gained the upperhand by beating the decedent in the head with a cue ball which he obtained from a nearby pool table. After the defendant Willie James Boykin began choking the decedent on the floor, members of the victim's family interceded by grabbing defendant Willie. At this time the defendant Walter Dal Boykin, Jr. entered the fray and succeeded in freeing his brother, Willie, from the grasps of "Pap" Lamb's family.

At some point, towards the end of this scuffle, a shot was fired, although not everyone present heard it. In reaction to this gunshot many people began to leave the inside of the building. It was at this time that Tommy Fennell fell against the front door and exclaimed, "I've been shot!" In response to this exclamation defendant Willie Boykin told Tommy Fennell, "I shot you but I did not intend to do it."

After the shooting both defendants left the inside of the building. Some of the State's evidence shows that shortly thereafter Walter Dal Boykin came back in the direction of Ras's Place with a rifle in hand and that Walter fired several rounds in the direction of the building, one of which mortally wounded the deceased, James Ray "Pap" Lamb. In response to the rifle shots and seeing Walter Boykin with a rifle in his right hand, Azariah Fennell attempted to grab defendant Walter Boykin. During the scuffle, although he was not immediately aware of it, Azariah Fennell was shot in the side.

The State's evidence further shows that defendant Willie James Boykin was seen later that evening with a .22 caliber rifle in his possession and that he told several persons that he had shot James Ray Lamb. Defendant Walter Dal Boykin, Jr. surrendered to the authorities. At the time he surrendered, Walter had a .22 caliber pistol in his possession.

The testimony of the medical examiner established the cause of death as being loss of blood from the victim's aorta as the result of a gunshot wound in the abdomen. The medical examiner stated that the bullet recovered from the decedent, "Pap" Lamb, did not come from the pistol which defendant Walter Dal Boykin, Jr. had in his possession at the time of his arrest. Instead, the fatal wound was the result of a .22 caliber bullet which was fired from a rifle manufactured by the Marlin Firearms Company.

The evidence for the defendant Willie James Boykin was to the effect that he and "Pap" Lamb had some words on the evening of the shooting with reference to going with a woman. Willie James Boykin further stated that he knew that "Pap" carried a pistol and when "Pap" made a motion like he was pulling something from under his shirt that he, the defendant Willie James Boykin, attacked "Pap" Lamb in self defense and that several of "Pap's" relatives interceded.

The defendant Willie James Boykin then said that he heard some shots fired and that "Pap" Lamb fell to the floor and that Tommy Fennell fell against him. He said that he told Tommy Fennell that he was sorry about what had happened.

Willie James Boykin gave further evidence that tended to show that he heard four shots and when he went out of the building he saw "Pap" Lamb kneeling in front of a car parked near the door and that "Pap" had a pistol in his hand and that Walter Dal Boykin, Jr. had a rifle in his hand.

Willie James Boykin said that "they were tussling there" and that he took the gun away from Walter Dal Boykin, Jr., and ran back into the building holding the gun by the barrel and told the people running the bar that they had better close up before somebody else got hurt. Willie James Boykin then said that he took the rifle and put it in his car and drove away.

Defendant Walter Dal Boykin, Jr. offered no evidence in his own behalf. The jury convicted both defendants on all charges and they were sentenced as earlier indicated.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General David Roy Blackwell, for the State.*

*John R. Parker for defendant Walter Dal Boykin, Jr.*

*William M. Bacon, III for defendant Willie James Boykin.*

COPELAND, Justice.

Defendant Walter Dal Boykin, Jr. presented three assignments of error and defendant Willie James Boykin presented five assignments of error for our consideration on appeal.

We find merit in the first assignment of error of defendant Willie James Boykin and remand the case of this defendant to the trial court for a new trial. Although defendant Walter Dal Boykin, Jr. did not raise on appeal an assignment of error corresponding to defendant Willie James Boykin's first assignment of error, we remand the case of defendant Walter Dal Boykin, Jr. for a new trial. We remand the case of Walter Dal Boykin, Jr. under our supervisory power pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure in order to prevent a manifest injustice to defendant Walter Dal Boykin, Jr.

In his first assignment of error, defendant Willie James Boykin argues that the trial court erred in consolidating the cases against him with the cases against his brother, Walter Dal Boykin, Jr.

It is a well settled rule of law in this jurisdiction that the decision whether to try the defendants separately or jointly is ordinarily within the sound discretion of the trial judge and, absent an abuse of that discretion, will not be overturned on appeal. *State v. Slade,* 291 N.C. 275, 229 S.E. 2d 921 (1976); *State v. Brower,* 289 N.C. 644, 224 S.E. 2d 551 (1976); *State v. Fox,* 274 N.C. 277, 163 S.E. 2d 492 (1968). However, where the defendants' defenses are antagonistic, as they were here, or where it is impossible for one defendant to receive a fair trial, it has been held error to allow a joint trial over the objection of the defendant. *State v. Alford,* 289 N.C. 372, 222 S.E. 2d 222 (1976).

In this case, defendant, Willie James Boykin was prejudiced by the court's consolidation of cases because he was prevented from testifying as to his motive in making his "false confessions." The record discloses numerous admissions made by defendant Willie James Boykin to the effect that he had shot "Pap" Lamb and Tommy Fennell. The court permitted the State to introduce each of these admissions into evidence. However, since Walter Dal Boykin, Jr. was a co-defendant in the murder charge, the trial court did not permit defendant Willie James Boykin to explain that the admissions were intended to protect Walter, his brother, who had previously been convicted of murder. The only explanation the defendant was able to give the jury for those admissions was that he was drunk. In addition, Willie James Boykin was prejudiced when the trial court prevented him, on the cross-examination of Deputy Sheriff Spell, from eliciting that his co-defendant, Walter Dal Boykin, Jr., had also confessed to shooting the deceased. This left the jury with the mistaken impression that Willie James Boykin was the only defendant who had made a statement confessing to the shooting.

The impact of unexplained admissions, like the ones in this case when combined with other evidence which suggested that the only rifle present during the shooting was in the hands of the co-defendant Walter Dal Boykin, Jr., leads us to conclude that Willie James Boykin did not receive a fair trial. As Justice Exum stated in *State v. Nelson*, 298 N.C. 573, 587, 260 S.E. 2d 629, 640 (1979), cert. denied, 446 U.S. 929 (1980), "[t]he test is whether the conflict in defendants' respective positions at trial is of such a nature that, *considering all of the other evidence* in the case, defendants were denied a fair trial." (Emphasis added.) See also G.S. 15A-927(c)(2).

"One of the statutory bases for joining two or more defendants for trial is that each defendant is sought to be held accountable for the same crime or crimes. G.S. 15A-926(b)(2)(a). In such cases public policy strongly compels consolidation as the rule rather than the exception." *State v. Nelson*, 298 N.C. at 586, 260 S.E. 2d at 639. This strong public policy was perhaps best summarized by the Ninth Circuit Court of Appeals that consolidation

"expedites the administration of justice, reduces the congestion of trial dockets, conserves judicial time, lessens the

burden upon citizens who must sacrifice both time and money to serve upon juries and avoids the necessity of recalling witnesses who would otherwise be called upon to testify only once."

*Parker v. United States,* 404 F. 2d 1193, 1196 (9th Cir. 1968), *cert. denied,* 394 U.S. 1004, 89 S.Ct. 1602, 22 L.Ed. 2d 782 (1969). However, no matter how appealing such public policy may be, it must not stand in the way of "a fair determination of . . . guilt or innocence. . . ." G.S. 15A-927(c)(2)(a)(b). Whether there is to be a joinder of cases must depend upon the circumstances of each case. *State v. Battle,* 267 N.C. 513, 148 S.E. 2d 599 (1966).

Under the facts in this case there is no doubt that the position of Walter Dal Boykin, Jr. was antagonistic toward the position of defendant Willie James Boykin. The presence of defendant Walter Dal Boykin, Jr. as a co-defendant, denied Willie James Boykin the opportunity to introduce evidence which could have explained his admissions, some of the State's strongest evidence against him. In effect, the denial of such evidence left the jury with the impression that defendant Willie James Boykin had spoken out of both sides of his mouth without any reasonable explanation.

We believe that there was enough evidence to go to the jury in either case, but we feel that justice requires a separate trial for these two defendants under the facts of this case. Therefore we grant a new trial to defendant Willie James Boykin.

Walter Dal Boykin, Jr. did not make a motion for severance nor did he make a motion against consolidation. Nevertheless, in view of our action as to Willie James Boykin, we feel justice requires the same treatment for defendant Walter Dal Boykin, Jr. Accordingly, we grant a new trial to defendant Walter Dal Boykin, Jr. under our supervisory powers pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure in order to prevent manifest injustice to Walter Dal Boykin, Jr.

The defendants' remaining assignments of error are unlikely to recur at retrial, therefore we deem it unnecessary to discuss these at this time.

For the reasons stated above, this case is remanded to the Superior Court of Sampson County, in order that each defendant may receive new and separate trials.

New trial.