STATE OF NORTH CAROLINA v. DONALD W. HERRING AND JOSEPH MEYER

No. 8413SC888

(Filed 16 April 1985)

**1. Robbery § 4.3— items taken after occupant fled vehicle—evidence of armed robbery sufficient**

There was sufficient evidence to go to the jury on the charge of armed robbery where the evidence tended to show that defendant Herring discharged a gun into a vehicle, that the occupant fled the scene, and that several items of personal property were missing from the vehicle when he returned.

**2. Robbery § 4.6— acting in concert—evidence sufficient**

In a prosecution for two armed robberies, there was sufficient evidence that defendant Herring took property from the victims where there was an abundance of evidence that he had acted in concert with defendant Meyer and others in perpetrating the robberies.

**3. Criminal Law § 92.3— armed robbery—consolidation of separate offenses—harmless error**

The trial court erred in allowing the State's motion for joinder of two armed robbery charges where the charges were of the same nature and involved similar facts but were separated by a significant period of time and had no connection apart from factual similarities; however, there was no prejudice because evidence of offenses occurring on one date would have been admissible on the issue of intent for offenses occurring on the other date. G.S. 15A-926(a).

**4. Criminal Law § 79.1— armed robbery—joinder of parties—testimony by one defendant—no prejudice**

There was no abuse of discretion in granting the State's motion for joinder of parties where both defendants were indicted for the same offenses stemming from the same incidents and one defendant volunteered on cross-examination that he had been charged with shooting into an occupied vehicle but denied doing it. This evidence was offered solely to impeach the testifying defendant's credibility and the other defendant did not show that his case was irreparably prejudiced.

**5. Criminal Law § 86.4— prior acts of misconduct by a defendant—motion for mistrial denied**

There was no error in the denial of defendants' motions for a mistrial after the State was allowed to ask about prior acts of misconduct by one defendant.

**6. Constitutional Law § 30— failure to disclose evidence prior to trial—recess granted—no error in admitting evidence**

There was no error in admitting into evidence a "lead deposit of a slug" when such evidence had not been disclosed to defense counsel prior to trial

despite their request for discovery because the court declared a fifteen-minute recess to allow defense counsel to examine the slug. G.S. 15A-910.

**7. Criminal Law § 50— nonexpert expression of opinion—no error**

In a prosecution for two armed robberies and for conspiracy to commit armed robberies, there was no error in allowing a witness to explain what was meant by "roll a queer." Assuming the answer was an expression of opinion, defendants did not show that a different result would have been reached without the testimony.

**8. Criminal Law § 138— aggravating factor—commission of offenses while on pretrial release—no error**

The court did not err by considering as an aggravating factor the fact that one defendant had committed the offenses with which he was charged while on pretrial release for another felony charge. G.S. 15A-1340.4(a)(1)k.

Judge WELLS dissenting.

APPEAL by defendants from *Watts, Judge.* Judgments entered 12 April 1984 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 1 April 1985.

Defendants were each charged in proper bills of indictment with armed robbery and conspiracy to commit robbery on 19 July 1983 and with armed robbery and conspiracy to commit robbery on 29 August 1983. Defendant Herring was convicted of common law robbery and conspiracy to commit robbery in connection with the 19 July 1983 incident, and of armed robbery and conspiracy to commit robbery in connection with the 29 August 1983 incident. Defendant Meyer was convicted of the same offenses. From judgments entered on the verdicts sentencing them to imprisonment, both defendants appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Thomas J. Ziko, for the State.*

*Alexander M. Hall and Stephen B. Yount for defendants, appellants.*

HEDRICK, Chief Judge.

Defendants argue that the trial court erred in denying their motions to dismiss the charges against them based on insufficiency of the State's evidence. Viewed in the light most favorable to the State, the evidence tends to show that on 19 July 1983, the defendants, along with Mark Watts, David Stowell and Darrell

Wooten, met in defendant Meyer's home in Leland, North Carolina. Defendant Meyer suggested going to Wilmington to "roll a queer." Departing in three vehicles, the men proceeded to the Front Street area. Mark Watts met the victim, Donnie Canady, in this area, and suggested that Mr. Canady follow him home. Watts then drove toward the Leland community and turned off the paved road onto a dirt road, with Canady following behind. Defendants Herring and Meyer then pulled in behind Canady. Canady attempted to turn around and pull back onto the paved road when the second vehicle pulled in behind his car, but Herring discharged a gun into his vehicle. Canady was pulled from his car and both Herring and Meyer struck him. Canady fell down an embankment and ran into the woods. When Canady returned to his vehicle with a Deputy Sheriff, he discovered that several items of personal property had been removed from his vehicle.

On the evening of 29 August 1983, the defendants, along with Darrell Wooten and Timothy Efird, again met in Meyer's home. Defendant Meyer suggested going to Wilmington to "roll a queer." Departing in two cars, the men proceeded to the Front Street area. Defendants Meyer and Herring met James Hayes, the victim, in this area and suggested that he follow them toward Southport. Defendants then drove toward Southport and turned off the paved road onto a dirt road. The two remaining men pulled in behind Hayes. Defendant Herring pulled out a gun and fired into the vehicle. When Hayes got out of his vehicle, the entire group struck him until he was unconscious. Hayes eventually regained consciousness to discover his wallet, checkbook, diamond ring, gold necklace and car keys were missing.

[1] Both defendants contend that "there exists no evidence that any force or intimidation by the use of firearms was used for the purpose of taking personal property from the person or presence of Donnie Canady." This contention is untenable. The evidence tends to show that defendant Herring discharged a gun into the Canady vehicle, that the occupant fled the scene, and that several items of personal property were missing from the vehicle when he returned. "[I]f the force or intimidation by the use of firearms for the purpose of taking personal property has been used and caused the victim in possession or control to flee the premises and this is followed by the taking of the property in a continuous course of conduct, the taking is from the 'presence' of the victim."

*State v. Clemmons*, 35 N.C. App. 192, 196, 241 S.E. 2d 116, 119, *disc. rev. denied*, 294 N.C. 737, 244 S.E. 2d 155 (1978). We hold there was sufficient evidence to go to the jury on the charge of armed robbery allegedly occurring on 19 July.

[2] Defendant Herring contends there was no evidence that he ever took any property from either Canady or Hayes. This contention is meritless. There was an abundance of evidence from which the jury could conclude that defendant Herring acted in concert with defendant Meyer and others in perpetrating the robberies charged. Defendant Herring was present at the scene and actively participated in the events leading up to the robberies. *State v. Dowd*, 28 N.C. App. 32, 220 S.E. 2d 393 (1975). This assignment of error is overruled.

[3] Defendants next contend the court erred in allowing the State's motion for joinder of offenses and in denying defendants' motions for severance of offenses. G.S. 15A-926(a) provides that offenses may be joined for trial if they are

> based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan.

Defendants concede that the offenses arising out of the events occurring 19 July 1983 were properly joined for trial, and that the offenses alleged to have occurred on 29 August 1983 also could be properly tried together. Defendants argue, however, that the offenses occurring on these two dates, forty-one days apart, were improperly joined, to their prejudice. We do not agree.

We note at the outset that all of the charges did not arise out of "the same act or transaction," and thus joinder on this basis would be improper. Nor did the offenses constitute "parts of a single scheme or  plan." Indeed, if the evidence unequivocally disclosed a *single* scheme or plan, defendants' convictions of two counts of conspiracy could not stand. We thus turn our consideration to whether the offenses in question may be said to have arisen out of "a series of acts or transactions connected together."

Our courts have repeatedly held that offenses are properly joined under G.S. 15A-926(a) only when there exists a "transactional connection" among the charges. *See, e.g., State v. Powell*, 297 N.C. 419, 255 S.E. 2d 154 (1979); *State v. Greene*, 294 N.C. 418,

241 S.E. 2d 662 (1978). While the court's ruling on a motion for joinder is reviewable only for abuse of the court's discretion, *State v. Clark*, 301 N.C. 176, 270 S.E. 2d 425 (1980), "where there is a serious question of prejudice resulting from consolidation for trial of two or more offenses, the appropriate function of appellate review is to determine whether the case meets the statutory requirements." *State v. Wilson*, 57 N.C. App. 444, 448, 291 S.E. 2d 830, 832, *disc. rev. denied*, 306 N.C. 563, 294 S.E. 2d 375 (1982). In considering whether a "transactional connection" exists among offenses, our courts have taken into consideration such factors as the nature of the offenses charged, *State v. Effler*, 309 N.C. 742, 309 S.E. 2d 203 (1983), "commonality of facts," *State v. Bracey*, 303 N.C. 112, 117, 277 S.E. 2d 390, 394 (1981), the lapse of time between offenses, *State v. Clark*, 301 N.C. 176, 270 S.E. 2d 425 (1980), and the unique circumstances of each case, *State v. Boykin*, 307 N.C. 87, 296 S.E. 2d 258 (1982).

In the instant case, the record discloses that the charges joined for trial are of the same nature, and that the offenses occurring on 19 July and on 29 August involved similar facts. We note, however, that unlike virtually all of the cases in which joinder has been upheld by our courts, the offenses are separated by a significant period of time. We note further that the record reflects no *connection* between the offenses apart from the factual similarities. While factual similarities, and the nature of the offenses charged as being of the same class, was once all that was required for joinder, *see* former G.S. 15-152 (repealed 1973), this is no longer the case. *State v. Corbett*, 309 N.C. 382, 307 S.E. 2d 139 (1983). Because we find the offenses occurring on 19 July 1983 and those occurring on 29 August 1983, although factually similar, to be separate and distinct in time and circumstance, and thus without transactional connection, we hold the court erred in granting the State's motion to join the offenses for trial. We do not agree, however, with defendants' contention that joinder was prejudicial to defendants. Had the error not occurred, evidence of the offenses occurring on one date would clearly have been admissible, on the issue of intent, at trial on the offenses occurring on the other date. *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954). Because evidence of each offense would have been admissible at trial of the others, the record does not reveal that defendants were unjustly and prejudicially hindered or deprived of their

ability to defend the charges. *See Corbett*, 309 N.C. 382, 307 S.E. 2d 139.

[4] Defendant Meyer next claims the court erred in granting the State's motion for joinder of parties. Both defendants were indicted for the same offenses stemming from the same incidents. "Ordinarily, unless it is shown that irreparable prejudice will result therefrom, consolidation for trial rather than multiple individual trials is appropriate when two or more persons are indicted for the same criminal offense." *State v. Jones*, 280 N.C. 322, 333, 185 S.E. 2d 858, 865 (1972). Defendant Meyer claims that such prejudice occurred when defendant Herring was asked on cross-examination, in an attempt to impeach his credibility, whether or not he (Herring) had shot into an occupied vehicle on a separate occasion. Defendant Herring denied that he had, but volunteered that he had been charged with such an offense. Defendant Meyer has failed to show that the presentation of this evidence, offered solely to impeach defendant Herring's credibility, "irreparably prejudiced" his case, and we detect no abuse of the judge's discretion in joining the parties for trial. This assignment of error is overruled.

[5] Defendants next maintain the court erred in denying their motions for mistrial after the State was allowed to ask about prior acts of misconduct by Herring. One of the most common methods of impeachment is by eliciting on cross-examination specific incidents tending to reflect upon the witness's integrity. *State v. Mack*, 282 N.C. 334, 193 S.E. 2d 71 (1972). This assignment of error is overruled.

[6] Defendants next assert the court erred in admitting into evidence "a lead deposit of a slug" when such evidence had not been disclosed to defense counsel prior to trial, despite their request for discovery. G.S. 15A-910 provides for the regulation of discovery, and gives the court broad and flexible powers. One of the sanctions available to the court when one party fails to comply with discovery procedures, is set out in G.S. 15A-910(2), which provides that the court may "[g]rant a continuance or recess." In the instant case, when the court discovered the State had failed to disclose to defendants the existence of the slug, Judge Watts declared a fifteen minute recess to allow defense counsel to examine the slug. "The choice of sanction, if any, rests within the

discretion of the trial court and will not be disturbed on appeal absent a showing of abuse." *State v. Carter*, 55 N.C. App. 192, 196, 284 S.E. 2d 733, 736 (1981). We find no abuse of discretion in the court's choice of sanction.

**[7]** Defendants next insist the court erred when the following testimony, offered by a witness for the State, was admitted:

> Q. [A]nd when you say, "roll a queer" what, explain to the Jury what you meant by roll a queer.

> MR. YOUNT: Objection.

> MR. HALL: Objection.

> THE COURT: [O]ver ruled. If he knows.

> A. It's said to roll a queer is to try to entice one to follow you out of the city limits to a location, and there is to harrass [sic] him and beat him and take what ever he had.

Defendants contend the answer is an impermissible expression of an opinion. Assuming *arguendo* that this answer was an expression of an opinion by the witness, we can perceive no prejudice to defendants. "In order to obtain a new trial it is incumbent on a defendant to not only show error but also to show that the error was so prejudicial that without the error it is likely that a different result would have been reached." *State v. Loren*, 302 N.C. 607, 613, 276 S.E. 2d 365, 369 (1981). *See also* G.S. 15A-1443(a). Defendants have failed to meet this burden. The assignment of error is overruled.

**[8]** By his last assignment of error, defendant Herring contends the court erred in considering as an aggravating factor, pursuant to G.S. 15A-1340.4(a)(1)k, the fact that he had committed the offenses with which he was charged while on pre-trial release on another felony charge, and that such consideration violated his constitutional rights. Our Supreme Court expressly rejected this argument in *State v. Webb*, 309 N.C. 549, 308 S.E. 2d 252 (1983). This assignment of error is overruled.

No error.

Judge MARTIN concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

I dissent on the issue of joinder of offenses. I agree with the majority that joinder of offenses for trial in this case was error, but do not agree that such error was non-prejudicial. I vote for a new trial.