IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-204

Filed 19 February 2025

Wake County, Nos. 22CR200476-910, 22CR200478-910, 22CR200480-910, 22CR000804-910

STATE OF NORTH CAROLINA

v.

GRIFFIN ALEXANDER CURTIS

Appeal by defendant by writ of certiorari from judgments entered 25 August 2023 by Judge Paul C. Ridgeway in Wake County Superior Court. Heard in the Court of Appeals 15 January 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorneys General Christopher W. Brooks and Kathryne E. Hathcock, for the State.*
>
> *Ellis & Winters LLP, by Kelly Margolis Dagger, Michelle A. Liguori, and Chelsea A. Pieroni, for defendant-appellant.*

ZACHARY, Judge.

Defendant Griffin Alexander Curtis appeals from judgments entered upon his guilty plea to two counts of felony death by vehicle, three counts of felony serious injury by vehicle, and one count of driving while impaired. Defendant does not challenge his convictions; he only challenges the trial court's sentencing upon those convictions. After careful review, we vacate and remand for resentencing.

## I.  Background

This case arises from a fatal automobile collision on 9 January 2022, in which Defendant drove his vehicle head-on into an oncoming vehicle. The collision resulted in the deaths of two passengers in the oncoming vehicle, as well as serious injuries to three additional passengers between both vehicles. Inside the wreckage of Defendant's vehicle, law enforcement officers discovered dozens of used containers of nitrous oxide, along with hundreds of unused containers. Defendant also admitted that he had consumed alcohol and marijuana that evening.

Defendant was arrested and charged with two counts of felony death by vehicle, and one count each of felony serious injury by vehicle, driving while impaired, driving left of center, possession of marijuana up to one-half ounce, and driving with an open container after consuming alcohol. On 24 January 2022, a Wake County grand jury returned indictments formally charging Defendant with the same offenses; three months later, the grand jury returned another indictment charging Defendant with two additional counts of felony serious injury by vehicle.

On 25 August 2023, Defendant entered a guilty plea pursuant to a plea agreement. Defendant agreed to plead guilty to two counts of felony death by vehicle, three counts of felony serious injury by vehicle, and one count of driving while impaired, with the judgment to be arrested on the latter conviction. Defendant also agreed to waive his right of appeal and stipulated to the aggravating factor for sentencing that he "knowingly created great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more

than one person." In exchange, the State agreed not to seek further indictments for second-degree murder or felony assault with a deadly weapon inflicting serious injury, and to dismiss the three remaining misdemeanor charges. The State also stipulated to the mitigating factor for sentencing that Defendant "has accepted responsibility for [his] criminal conduct."

The trial court accepted Defendant's guilty plea and entered a series of judgments upon the plea. For the two felony death by vehicle convictions, the trial court sentenced Defendant in the aggravated range for a prior record level I offender to consecutive terms of 80 to 108 months' imprisonment in the custody of the North Carolina Department of Adult Correction. For one of the felony serious injury by vehicle convictions, the court sentenced Defendant in the aggravated range to a term of 20 to 33 months' imprisonment, which the court again set to run consecutively. The court consolidated Defendant's remaining two convictions for felony serious injury by vehicle and sentenced Defendant to another consecutive prison term of 20 to 33 months. Consistent with the plea agreement, the trial court arrested judgment on Defendant's conviction for driving while impaired and dismissed the remaining misdemeanor convictions.

On 1 September 2023, Defendant timely filed notice of appeal.

## II. Appellate Jurisdiction

With limited statutory exceptions, a "defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a

criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari." N.C. Gen. Stat. § 15A-1444(e) (2023). Because Defendant received sentences in the aggravated range, Defendant is entitled by statute to a limited right of appeal:

> A defendant who has . . . entered a plea of guilty . . . to a felony, is entitled to appeal as a matter of right the issue of whether his or her sentence is supported by evidence introduced at the trial and sentencing hearing only if the minimum sentence of imprisonment does not fall within the presumptive range for the defendant's prior record or conviction level and class of offense.

*Id.* § 15A-1444(a1).

Additionally, this case presents the threshold issue of an appeal waiver. Defendant filed notice of appeal from the judgments entered in this case despite his waiver of "all right to appeal" pursuant to his plea agreement. Defendant now contends that "this appeal waiver is unenforceable."

We need not address that issue, however, because Defendant filed a petition for writ of certiorari contemporaneous with his appellate brief in the event that this Court should determine that the waiver "may be enforceable in whole or in part to take away his right to appeal."

"Certiorari is a discretionary writ, to be issued only for good and sufficient cause shown." *State v. Grundler*, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959) (italics omitted), *cert. denied*, 362 U.S. 917, 4 L. Ed. 2d 738 (1960). Allowing a petition for writ of certiorari "is an extraordinary measure. Accordingly, a petitioner must satisfy

a two-part test before we will issue the writ." *State v. Barton*, ___ N.C. App. ___, ___, 905 S.E.2d 230, 234 (2024) (citation omitted). "First, a writ of certiorari should issue only if the petitioner can show merit or that error was probably committed below. Second, a writ of certiorari should issue only if there are extraordinary circumstances to justify it." *Id.* (cleaned up). "An extraordinary circumstance generally requires a showing of substantial harm, considerable waste of judicial resources, or wide-reaching issues of justice." *Id.* (cleaned up).

The State concedes that error was committed below and does not oppose Defendant's petition. As for showing extraordinary circumstances, Defendant observes that he "is serving four consecutive aggravated sentences that are not supported by the evidence presented at sentencing (including a stipulated mitigating factor)." In our discretion, we allow Defendant's petition for writ of certiorari and proceed to the merits of his appeal.

## III.    Discussion

On appeal, Defendant raises a series of arguments concerning his sentencing; however, the dispositive issue is whether the trial court failed to find the mitigating factor to which he and the State stipulated in the plea agreement. The State concedes that this constitutes reversible error, and we agree. Therefore, we vacate and remand for resentencing.

## A. Standard of Review

"This Court reviews alleged sentencing errors for whether the sentence is

supported by evidence introduced at the trial and sentencing hearing." *State v. Bacon*, 228 N.C. App. 432, 434, 745 S.E.2d 905, 907 (2013) (cleaned up). "A trial court's weighing of mitigating and aggravating factors will not be disturbed on appeal absent a showing that there was an abuse of discretion." *State v. Morston*, 221 N.C. App. 464, 473, 728 S.E.2d 400, 408 (2012) (citation omitted). "The balance struck by the sentencing judge in weighing the aggravating against the mitigating factors, being a matter within his discretion, will not be disturbed unless it is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision." *Id.* at 473–74, 728 S.E.2d at 408 (citation omitted).

## B. Analysis

Defendant argues that "[t]he trial court's failure to find mitigating factor 15 in the face of the parties' stipulation and supporting evidence was reversible error." The State concedes error, and we agree.

Under the Structured Sentencing Act, the trial "court shall consider evidence of aggravating or mitigating factors present in the offense that make an aggravated or mitigated sentence appropriate, but the decision to depart from the presumptive range is in the discretion of the court." N.C. Gen. Stat. § 15A-1340.16(a). "The State bears the burden of proving beyond a reasonable doubt that an aggravating factor exists, and the offender bears the burden of proving by a preponderance of the evidence that a mitigating factor exists." *Id.* Additionally, it is "clearly established that the sentencing judge has a duty to find a statutory mitigating factor when the

evidence in support of a factor is uncontradicted, substantial and manifestly credible." *State v. Spears*, 314 N.C. 319, 321, 333 S.E.2d 242, 244 (1985) (original emphasis omitted).[1]

"[E]vidence is credible as a matter of law when the non-movant establishes [the] proponent's case by admitting the truth of the basic facts upon which the claim of the proponent rests." *State v. Albert*, 312 N.C. 567, 579, 324 S.E.2d 233, 241 (1985) (cleaned up). Thus, when the State stipulates to the facts supporting the finding of a mitigating factor, "the trial court err[s] in failing to find this fact in mitigation." *Id.* at 580, 324 S.E.2d at 241.

In the present case, it is undisputed that *Albert* is the controlling precedent. As part of the plea agreement, the State stipulated to the statutory mitigating factor that Defendant "has accepted responsibility for [his] criminal conduct." N.C. Gen. Stat. § 15A-1340.16(e)(15). By stipulating to this mitigating factor, the State "admitt[ed] the truth of the basic facts upon which the [factor] rest[ed]." *Albert*, 312 N.C. at 579, 324 S.E.2d at 241. Accordingly, it was error for the trial court to fail to find this mitigating factor. *See id.* at 580, 324 S.E.2d at 241; *see also Spears*, 314 N.C. at 321, 333 S.E.2d at 244.

"[W]henever there is error in a sentencing judge's failure to find a statutory

---

[1] Although *Spears* and other cases cited in this opinion were decided prior to the enactment of the Structured Sentencing Act, "this Court has repeatedly applied the logic of cases decided under the Fair Sentencing Act to cases arising under the Structured Sentencing Act." *State v. Vaughters*, 219 N.C. App. 356, 360, 725 S.E.2d 17, 21, *cert. denied*, 366 N.C. 402, 735 S.E.2d 321 (2012).

mitigating circumstance and a sentence in excess of the presumptive term is imposed, the matter must be remanded for a new sentencing hearing." *State v. Daniel*, 319 N.C. 308, 315, 354 S.E.2d 216, 220 (1987). This principle holds "true in proceedings involving guilty pleas and plea agreements." *State v. Braswell*, 269 N.C. App. 309, 317, 837 S.E.2d 580, 586 (2020). Consequently, we must remand for a resentencing hearing.

Although the parties agree that this matter must be remanded for resentencing, they disagree regarding one aspect of the disposition: whether Defendant is entitled to a resentencing hearing before a different trial judge.

Defendant principally relies upon *State v. Rodriguez*, in which this Court remanded for resentencing because the State "breached the provision of the plea agreement promising that the prosecution would 'take no position on sentencing on the assault charge.'" 111 N.C. App. 141, 143–44, 431 S.E.2d 788, 789 (1993). The State's breach of the plea agreement resulted in the trial court receiving information about several nonstatutory aggravating factors regarding one of the offenses to which the defendant pleaded guilty. *Id.* at 143, 431 S.E.2d at 789. The court then referenced one of these nonstatutory aggravating factors when entering the statutory maximum sentence for the affected conviction. *Id.* We remanded for resentencing due to this error, and instructed that a different judge was to conduct the hearing upon remand. *Id.* at 148, 431 S.E.2d at 792 ("While we have every confidence in the distinguished trial judge's ability to afford [the] defendant a fair and impartial hearing on remand,

. . . we also direct that [the] defendant's new sentencing hearing be conducted before a different trial judge." (citing *Santobello v. New York*, 404 U.S. 257, 30 L. Ed. 2d 427 (1971))).

In the instant case, Defendant asserts that, pursuant to *Rodriguez*, we must also direct that a different trial judge conduct his resentencing hearing on remand. We disagree.

Defendant's reliance on *Rodriguez* is misplaced. The trial court in *Rodriguez* improperly received information regarding nonstatutory aggravating factors that it otherwise would not have received pursuant to the terms of the plea agreement between the defendant and the State. *Id.* at 143, 431 S.E.2d at 789. That bell could not be unrung. Moreover, due to the egregious nature of the State's breach of the agreement, the *Rodriguez* Court determined that it was immaterial whether the defendant's sentence was impacted to his detriment. *Id.* at 147, 431 S.E.2d at 791. As this Court emphasized, the defendant could not be guaranteed the opportunity to receive the benefit of his plea agreement unless a different trial judge—one unaffected by the State's breach—conducted the resentencing hearing on remand. *Id.* at 148, 431 S.E.2d at 792.

Unlike *Rodriguez*, no additional prejudicial information—beyond that already provided in the plea agreement—was disclosed to the trial court here. Accordingly, Defendant is unable to demonstrate any similar risk to his opportunity to receive the benefit of his bargained-for plea agreement on remand. *Rodriguez* is thus

inapplicable, and Defendant's request for a different trial judge on remand is denied.

## IV.    Conclusion

For the foregoing reasons, we vacate and remand to the trial court for resentencing pursuant to the plea agreement. In light of our disposition, we need not address Defendant's remaining arguments.

VACATED AND REMANDED FOR RESENTENCING.

Judges TYSON and FLOOD concur.